IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HALCYON THRUPUT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-3136-K |
| | § | |
| UNITED NATIONAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Halcyon Thruput, LLC has filed a Motion to Compel Defendant to Provide Dates for Deposing the Defendant's Trident Designated Experts or to Withdraw Those Expert from the Defendant's Designation. *See* Dkt. No. 20.

United States District Judge Ed Kinkeade referred this motion to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 21.

Defendant United National Insurance Company has not filed a response, and its deadline under Local Civil Rule 7.1(e) has passed.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

For the reasons and to the extent explained below, the Court denies the motion [Dkt. No. 20]

## Background

In Defendant's Designation of Experts, United included the following disclosures under Federal Rule of Civil Procedure 26(a)(2):

> United designates the following non-retained experts who are expected to testify at trial:
>
> 1. Rob Johnson
>    Ben Trantham
>    Senior Project Manager
>    Trident Structures and its employees and contractors
>    P O Box 162058
>    Fort Worth, Texas 76161
>    (817) 607-8373
>
>    Mr. Johnson or some other individual from Trident Structures is expected to testify regarding Trident's inspection of the Dryer after the fire, its recommendations for repair of the Dryer including costs and recommendations regarding correction of design issues with the Dryer. United anticipates that the sum and substance of the opinions is contained in a Report and Proposal dated December 31, 2019, a copy of each have been produced by Plaintiff and marked as HAL000164-HAL000175.

Dkt. No. 17 at 1-2.

Halcyon explains that its counsel has repeatedly asked United's counsel to provide convenient dates to take these non-retained, testifying experts' depositions and that United's counsel eventually responded that he had been unable to contact them. *See* Dkt. No. 20 at 2.

Halcyon invokes Federal Rule of Civil Procedure 37, asking the Court to compel United "to provide dates for deposing the Defendant's Trident Designated Experts within five days of the date of this Court's order, and to produce them for deposition within two weeks of that notification, and failing that, for this Court to Order the Defendant to withdraw those experts from the Defendant's Designation, and order the Defendant that failure to abide by this Court's Order shall result in the exclusion of the Defendant's Trident experts from testifying at trial." Dkt. No. 20 at 2-3. Halcyon acknowledges that, "[a]lthough [Federal Rule of Civil Procedure 26(b)(4)(A)] clearly allows the Plaintiff to depose any of the Defendant's Experts who may be presented at trial, the Plaintiff has been unable to find much caselaw for the unusual situation when a party designates expert witnesses, who then disappear," and that "[t]he closest the Plaintiff could find was [a 2009 District of Maryland decision] in which the [d]efendant simply refused to produce its expert witnesses for depositions requested by the [p]laintiff." Dkt. No. 20-1 at 1-2.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 26(b)(4) governs discovery from a testifying expert witness. That includes from a non-retained, testifying expert witness – that is, an expert who must be disclosed under Federal Rule of Civil Procedure 26(a)(2)(C) because a party expects it may use the witness to testify "at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" but who is not required under Federal Rule of Civil Procedure 26(a)(2)(B) to provide a written report because the

-3-

expert is not "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(A)-(C).

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." FED. R. CIV. P. 26(b)(4)(A).

As Halcyon contends, Rule 26(b)(4)(A) allows it to depose any of United's designated experts who may testify at trial. And Halcyon invokes Federal Rule of Civil Procedure 37 to ask the Court to compel United to provide dates for depositions of its designated non-retained, testifying expert witnesses and then to produce them for deposition, on pain of being prohibited from using the experts' testimony at trial if they fail to do so.

But, as the Court has explained,

> Federal Rule of Civil Procedure 37(a) generally governs motions to compel discovery, providing that, in general, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery" and "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," FED. R. CIV. P. 37(a)(1), and further that "[a] motion for an order to a party must be made in the court where the action is pending" and "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken," FED. R. CIV. P. 37(a)(2).
>
> But Rule 37(a) does not, by its terms, address a motion to compel a party or non-party to appear for a deposition. *See* FED. R. CIV. P. 37(a). The only recourse expressly provided under the Federal Rules for a

-4-

party seeking another party's deposition is to properly notice the
deposition and file a motion under Federal Rule of Civil Procedure
37(d)(1)(A) if and when the deponent fails to appear. *See generally
Robinson v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:14-cv-4187-D, 2016 WL
1273900, at *2 (N.D. Tex. Feb. 18, 2016).

Rule 37(d)(1)(A) provides that "[t]he court where the action is
pending may, on motion, order sanctions if: (i) a party or a party's officer,
director, or managing agent – or a person designated under Rule 30(b)(6)
or 31(a)(4) – fails, after being served with proper notice, to appear for
that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "[T]he law is far
from settled, in this jurisdiction or elsewhere, on whether Rule 37(d)
applies to a non-party witness, including expert witnesses." *Lovison v.
Gleason*, No. 3:14-cv-1517-P, 2015 WL 3934933, at *6 (N.D. Tex. June
26, 2015) (collecting cases) "[B]efore being compelled to testify, [a non-
party] must be served with a subpoena pursuant to Federal Rule of Civil
Procedure 45." *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL
113456, at *1 (S.D. Fla. Jan. 19, 2009) (citing authorities). But "[a] party
need not comply with Rule 45 and issue a subpoena if a non-party will
consent to having his deposition taken by notice alone." *Morawski v.
Farmers Tex. Cty. Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170,
at *1 (N.D. Tex. Feb. 25, 2014).

Once a deponent has appeared for a deposition, Federal Rule of
Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent to
answer a question. *See* FED. R. CIV. P. 37(a)(2)(B)(i) ("A party seeking
discovery may move for an order compelling an answer, designation,
production, or inspection. This motion may be made if: (i) a deponent
fails to answer a question asked under Rule 30 or 31...."). Under Rule
37(a)(2), such "[a] motion for an order to a party must be made in the
court where the action is pending," while "[a] motion for an order to a
nonparty must be made in the court where the discovery is or will be
taken." FED. R. CIV. P. 37(a)(2).

Federal Rule of Civil Procedure 45(g) provides that "[t]he court
for the district where compliance is required – and also, after a motion
is transferred [under Federal Rule of Civil Procedure 45(f)], the issuing
court – may hold in contempt a person who, having been served, fails
without adequate excuse to obey the subpoena or an order related to it."
FED. R. CIV. P. 45(g). And Federal Rule of Civil Procedure 37(b)(1)
provides: "If the court where the discovery is taken orders a deponent to
be sworn or to answer a question and the deponent fails to obey, the
failure may be treated as contempt of court. If a deposition-related
motion is transferred to the court where the action is pending, and that
court orders a deponent to be sworn or to answer a question and the

-5-

deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending." FED. R. CIV. P. 37(b)(1).

….

But, as explained above, neither [Federal Rule of Civil Procedure 37(a)(1)] nor any specific provision elsewhere in Rule 37 or 45, as laid out above, authorizes a motion to require a non-party to appear for a deposition.

….

Rule 37(d)(1)(A) by its terms only authorizes motions for sanctions for failing to appear for a properly noticed deposition to be heard by "[t]he court where the action is pending." FED. R. CIV. P. 37(d)(1)(A). That lends support to a conclusion that Rule 37(d)(1) does not apply to failures by nonparty deponents to comply with Rule 45 subpoenas commanding the deposition of a nonparty, where, as noted above, Rule 45's provisions governing subpoenas for nonparty discovery directs that subpoena-related motions must be filed in "the court for the district where compliance is required." FED. R. CIV. P. 45(d)(1), 45(d)(3)(A), 45(d)(3)(B), 45(e)(2)(B), 45(g); *accord* FED. R. CIV. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). And Rule 37(a)(2) likewise dictates that "[a] motion for an order [compelling discovery or disclosure] to a nonparty must be made in the court where the discovery is or will be taken." FED. R. CIV. P. 37(a)(2).

*Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 WL 1035134, at *6-*9

(N.D. Tex. Feb. 23, 2018).

The governing law does not authorize Halcyon's requested relief as it is framed

in this motion. And, as another judge has ruled in a similar context, although "Rule

26(b)(4)(A) [gives Halcyon] the right to depose [United's testifying experts], even

though [each designated Trident expert] would be a non-retained expert," United

cannot "be compelled to produce for deposition a non-party outside its control" – and

there is no suggestion nor basis to conclude that the Trident Structures individuals

are under United's control for these purposes – and Halcyon is "obliged instead to issue a subpoena for the deposition under Rule 45." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2020 WL 7316100, at *1 (D. Kan. Dec. 11, 2020); *see also In re Syngenta AG MIR162 Corn Litig.*, No. 14-MD-2591-JWL, 2020 WL 5340696, at *2 (D. Kan. Sept. 4, 2020). And, as explained above, neither Rule 37 or 45 authorizes a motion to require a party or non-party to appear for a deposition without first serving, as appropriate, a deposition notice or subpoena. *Accord MetroPCS v. Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018) ("Rule 37(a) does not authorize a motion to prospectively compel a non-party (or, for that matter, a party) to appear for a deposition").

## Conclusion

For the reasons and to the extent explained above, the Court DENIES Plaintiff Halcyon Thruput, LLC's Motion to Compel Defendant to Provide Dates for Deposing the Defendant's Trident Designated Experts or to Withdraw Those Expert from the Defendant's Designation [Dkt. No. 20]. And, under Federal Rule of Civil Procedure 37(a)(5), each party will bear its own costs in connection with this motion.

SO ORDERED.

DATED: October 6, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE