IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HALCYON THRUPUT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED NATIONAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 3:21-CV-03136-K |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Halcyon Thruput, LLC's ("Halcyon") Motion to Reopen Proceeding Since Appraisal Process Is Complete (the "Motion to Reopen"), Doc. No. 49, Halcyon's Supplement to Its Motion to Reopen Case, Doc. No. 51, Halcyon's Second Supplement to Its Motion to Reopen Case, Doc. No. 52, Defendant United National Insurance Company's ("United") Opposition to Plaintiff's Motion to Reopen Case and Supplements Thereto, Doc. No. 53, Halcyon's Reply to UNIC's Opposition to Halcyon's Motion to Reopen Case, Doc. No. 54, United's Supplemental Briefing on Attorney Fee Issue, Doc. No. 56, and Halcyon's Reply to UNIC's Supplemental Briefing Response on Attorneys' Fees Issue, Doc. No. 57.

Upon consideration of the Parties' submissions, the Court **GRANTS** Halcyon's Motion to Reopen this case. Halcyon seeks to press ahead in this litigation against its all-risks insurer, United, despite United's payment of Halcyon's claim, together with statutory interest, at the conclusion of an appraisal proceeding. Halcyon hopes to

1

recover attorneys' fees, prejudgment interest, expert witness fees, and court costs. Because Halcyon has not pled a request for the attorneys' fees it now seeks, the Court rejects that basis for lifting the stay. The Court also disagrees that Halcyon's remaining requests for relief are uniformly ready for immediate resolution, but the Court agrees that further proceedings will facilitate their disposition. Halcyon has not moved for expert witness fees, and the Court has not entered a judgment as a foundation for prejudgment interest or court costs. The next logical step in this litigation is for the Parties to explain the discovery orders and judgment they believe should be entered. The Court **ORDERS** the Parties to resume proceedings by filing motions for expert witness fees and summary judgment.

I. BACKGROUND

The case that is now before the Court began in November 2021, when Halcyon sued United in state court to compel United to pay for the replacement of Halcyon's defective hemp dryer under the all-risks insurance policy United issued to Halcyon. Doc. No. 1-1. United removed the case to this Court, and Halcyon subsequently amended the petition it filed in state court to add a separate claim for the costs of repairing the dryer. Doc. No. 22 ¶ 36. In addition to its replacement and repair claims, Halcyon's operative First Amended Complaint accuses United of unfair or deceptive practices and failing to timely pay the replacement claim. *Id.* ¶¶ 39–43.

The Court stayed proceedings to permit appraisal of Halcyon's repair claim and denied the Parties' then-pending motions for summary judgment. Doc. No. 46. At

the conclusion of the appraisal process, the appointed Umpire adopted Halcyon's $1,494,848 estimate of the repair claim in preference to United $606,249.93 estimate. Doc. No. 47. United paid Halcyon the sum approved by the Umpire, together with statutory interest. Doc. No. 51-1 at 5.

Halcyon now asks the Court to lift its stay to permit Halcyon to pursue attorneys' fees resulting from United's purportedly untimely payment of the repair claim, as well as expert witness fees, prejudgment interest, and court costs. Doc. Nos. 49, 51, 57. Halcyon does not ask to pursue damages for its replacement, repair, or unfair or deceptive practices claims.

## II. DISCUSSION

While the Court rejects Halcyon's request to pursue attorneys' fees for untimely payment of Halcyon's repair claim, the Court reopens the case to permit the parties to litigate the discovery costs they owe each other and United's liability to Halcyon.

### A. Attorneys' Fees

Halcyon primarily seeks to lift the stay to pursue an award of attorneys' fees under Texas's Prompt Payment Act. Under the Prompt Payment Act, an insurer who fails to pay a claim for which it is liable within sixty days of receiving the information necessary to investigate the claim must pay its insured "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code §§ 542.058(a), 542.060(a). Halcyon contends that United took too long to pay for the repair of Halcyon's hemp dryer. Doc. No. 51

3

at 1–6. While a Prompt Payment Act claim indisputably may proceed even after an insurer pays its insured the coverage amount determined through appraisal, *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 828 (Tex. 2019), the Parties dispute whether Halcyon's claim may proceed because United also paid Halcyon statutory interest. *See. Tex. Fair Plan Ass'n v. Adil Ahmed*, 654 S.W.3d 488, 493 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (holding that such a claim may proceed, at least where the insured challenges the adequacy of the interest payment).

The Court need not resolve the Parties' dispute because Halcyon did not plead its request for Prompt Payment Act attorneys' fees. Halcyon sued under the Prompt Payment Act only insofar as United delayed in satisfying Halcyon's claim for replacement of its hemp dryer. Doc. No. 22 § 39 (seeking Prompt Payment Act relief for failure to timely satisfy Halcyon's "fourth [replacement] claim"). Halcyon does not press that theory now. Halcyon seeks attorneys' fees on the theory that United delayed in satisfying Halcyon's separate claim for repair of the dryer. Doc. No. 57 at 11. The Court will not reopen proceedings for litigation of an issue that is not properly presented in this case.

### B. Expert Witness Fees, Prejudgment Interest, and Court Costs

The Court finds that further proceedings are necessary to establish whether Halcyon is entitled to expert witness fees, prejudgment interest, and court costs.

At minimum, Halcyon's request for expert witness fees may require motion practice. Federal Rule of Civil Procedure 26(b)(4)(E) requires a party deposing a testifying

4

expert to pay the expert a reasonable fee unless requiring payment would result in manifest injustice. Halcyon contends that United deposed Halcyon's experts but refused to pay them a fee. Doc. No. 51 at 6–7. Since Halcyon apparently believes that United's refusal was unjustified, Halcyon should have the opportunity to move to compel United to pay. *See Lamonica v. Allstate Fire & Cas. Ins. Co.*, 2020 WL 5358500, at *3 (W.D. Tex. Apr. 1, 2020) (granting in part pretrial motion for expert fees).

Based on the briefing before it, there is some reason to doubt that Halcyon has a viable claim to prejudgment interest, but the Court will be in a better position to evaluate that claim if the Parties brief the predicate issue of liability. The availability of prejudgment interest in this diversity case is a question resolved under the law of the forum: Texas. *Canal Ins. Co. v. First Gen. Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990). Texas requires the Court to award prejudgment interest in wrongful death, personal injury, and property damage cases and permits the Court to do so in other cases. *Johnson & Higgins v. Kenneco Energy*, 962 S.W.2d 507, 529 (Tex. 1998). In any case, the Court awards prejudgment interest after entering judgment because interest accrues on the amount of the judgment until the day before judgment. *Ventling v. Johnson*, 466 S.W.3d 143, 153 & n.14 (Tex. 2015); Tex. Fin. Code § 304.104. The Parties have neither moved nor proposed to move for judgment since appraisal proceedings began. Perhaps they assume that United's payment of the appraisal award to Halcyon forecloses Halcyon's damages claims. *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133–35 (Tex. 2019) (payment of appraisal award foreclosed contractual and

5

extracontractual claims seeking policy benefits).  If so, Halcyon may not be entitled to prejudgment interest.  Parties generally cannot assert a request for prejudgment interest as a standalone claim.  *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (denying prejudgment interest on settlement amount under Texas law in the absence of an enabling statute).  Because the Court does not wish to decide Halcyon's entitlement to prejudgment interest on the assumption that Halcyon has abandoned its contractual and extracontractual claims for relief, the Court will defer a ruling until the Parties have briefed whether United is liable to Halcyon.

The Court likewise defers its ruling on Halcyon's request for court costs.  Under Federal Rule of Civil Procedure 54(d), the Court awards costs to prevailing parties, so the appropriate time to assess costs is after judgment.  *Knighton v. Watkins*, 616 F.2d 795, 798 (5th Cir. 1980).  Assessing costs before the Parties have even briefed the appropriate post-appraisal judgment in this case would be premature.

### III.   CONCLUSION

Having determined that further proceedings are necessary in this case before the Court can rule on Halcyon's entitlement to expert witness fees, prejudgment interest, and court costs, the Court **REOPENS** the case and **ORDERS** the Parties to file (1) any summary judgment motion they wish to urge and (2) any motion for expert fees

6

accrued to date that they wish to urge no later than thirty-five days after the entry of this order.

**SO ORDERED**.

Signed November 1st, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE